THE FRESNILLO COMPANY, Plaintiff, *v.* THE CHASE NATIONAL
BANK OF THE CITY OF NEW YORK, Defendant.

Supreme Court, New York County, February 1, 1933.

*Van Vorst, Siegel & Smith,* for the plaintiff.

*Rushmore, Bisbee & Stern,* for the defendant.

SHIENTAG, J.  After the plaintiff moved for summary judgment, the parties entered into a stipulation whereby the case was submitted to the court for determination on an agreed statement of facts.

Plaintiff seeks to recover the sum of $7,464 on the theory of money had and received.  The facts as stipulated are, briefly, as follows:

Plaintiff opened an account with the Bank of Montreal, Mexico City, in the name of " The Fresnillo Company, H. J. G. Mackie, purchasing agent."  The account was opened pursuant to resolution of the company which conferred authority on H. J. G. Mackie alone to draw checks payable on the New York agency of the Bank of Montreal.  The purpose of the account was to enable Mackie to pay for purchases made by him on behalf of plaintiff.  On May 15 and June 10, 1930, Mackie drew two checks on the named account, the first of which was payable to the Equitable Trust Company, later merged into the defendant, and the second payable to the defendant; both checks were deposited in Mackie's personal account with the defendant, the Chase National Bank of the City of New York, and subsequently drawn on by him.  The checks

were honored by the Bank of Montreal in Mexico City, and it is the amount of these two checks which plaintiff seeks to recover from the Chase Bank.

Between May 13, 1929, and May 8, 1930, prior to the issuance of the checks in suit, Mackie drew ten other checks in sums ranging from $2,000 to $5,000, payable to the Equitable Trust Company and they were deposited in Mackie's personal account with the defendant. These checks were likewise honored by the Bank of Montreal, Mexico City. Mackie reported to his company that he had drawn these checks to the order of various vendors from whom he had purchased goods for plaintiff. This was untrue. Subsequently, however, Mackie did draw on his personal account checks for the identical amounts therein deposited by which he paid the vendors. Between May 13, 1929, and May 15, 1930, Mackie drew a large number of other checks, some payable to his own order and some payable to the order of cash, for his salary and office expenses, all of which checks were also honored by the Bank of Montreal in Mexico City.

The defendant under the circumstances of this case was not bound to question Mackie's authority to deposit the checks in his own account. (*Bischoff* v. *Yorkville Bank*, 218 N. Y. 106; *Clarke* v. *Public National Bank*, 259 id. 285; *Havana Central R. R. Co.* v. *Knickerbocker T. Co.*, 198 id. 422; *Thornton* v. *Netherlands-American Steam Nav. Co.*, 178 App. Div. 604.) The account was opened in the name of " The Fresnillo Company, H. J. G. Mackie, purchasing agent," in the Bank of Montreal, in Mexico City. Mackie had sole power to draw on this account. The fact that the words " purchasing agent " appeared on the checks was in and of itself insufficient to charge the defendant with notice. A bank is not required to assume that the purchasing agent is violating his duty to his principal by depositing checks in his personal account. The necessities of his business very often might compel such a course of conduct. " The purposes of the plaintiff's business may have required its treasurer on occasion to draw checks upon the corporation account payable to himself individually." (*Havana Central R. R. Co.* v. *Knickerbocker T. Co*, *supra*, 428.)

It must be borne in mind that Mackie had the authority to draw the checks on the purchasing account; there is no question of forgery involved. The sole question requiring determination is whether or not the defendant was obligated to make inquiry as to the purposes for which the checks deposited in Mackie's personal account were drawn. Even if the defendant had inquired of the Bank of Montreal, that bank would not have been able to give any warning because the Bank of Montreal had itself honored every check

which Mackie had drawn and which on its face had been made payable to the defendant or Mackie himself.

It is true that the resolution stated that the purpose of the account was to provide for purchases Mackie made on behalf of the company. There was no limitation upon his authority, however, either as to amount or as to purchases to be made. The Bank of Montreal never questioned the manner and method by which Mackie conducted his business, nor did the plaintiff during a long period of time question the right of Mackie to draw such checks. The practice of Mackie in drawing the checks on the purchasing agent account to the order of the defendant or himself, which checks in large sums were thereafter consistently honored by the Bank of Montreal in Mexico City, created an apparent authority in Mackie to draw on the account and to deposit the checks in his own personal account.

The motion for summary judgment is accordingly denied, and pursuant to the stipulation judgment is directed in favor of the defendant. Settle order.